IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America | Crim. No. 4:04-cr-01039-TLW-1 |
| v. | **Order** |
| Walter Deotis Foster | |

This matter is before the Court on Defendant's motion for a sentence reduction pursuant to the First Step Act of 2018 (FSA), passed by Congress and signed into law by the President on December 21, 2018. This law contains sentencing provisions that apply retroactively to certain previously-sentenced defendants. His motion says that he is eligible for resentencing, ECF No. 95, and the Government agrees and consents to resentencing in this case, ECF No. 97. After careful review, the Court concludes that he is eligible for relief under the FSA and grants his motion.

Defendant was charged with and pled guilty to a charge of Possession With Intent to Distribute 5 Grams or More of Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). His statutory sentencing range was 5–40 years incarceration and least 4 years supervised release. PSR ¶¶ 70, 74. His criminal record made him a career offender and in light of the applicable statutory penalties,[1] his Guidelines range at sentencing was 188–235 months incarceration and 4–5 years

---

[1] Under the 2004 edition of the Guidelines, which was the edition in effect at his sentencing, his statutory maximum sentence of 40 years put his career offender offense level at 34, prior to the acceptance of responsibility reduction. U.S. Sentencing Guidelines Manual § 4B1.1(b)(B) (U.S. Sentencing Comm'n 2004).

supervised release, based on a Total Offense Level 31 and Criminal History Category VI. *See* PSR ¶¶ 71, 77. The Court imposed a within-Guidelines sentence of 204 months incarceration, followed by 4 years of supervised release. ECF No. 34.

Pursuant to the FSA and as referenced in the Sentence Reduction Report (SRR) prepared by the U.S. Probation Office, the statutory penalties applicable to Defendant have been reduced to a maximum of 20 years incarceration and at least 3 years supervised release. In light of the new statutory maximum, his career offender offense level is now 32. U.S. Sentencing Guidelines Manual § 4B1.1(b)(3) (U.S. Sentencing Comm'n 2018). The parties agree that, after taking into account the reduction for acceptance of responsibility, his new Guidelines range becomes 151–188 months incarceration and 3 years supervised release, based on a Total Offense Level 29 and Criminal History Category VI.

In Defendant's motion, he asks the Court to reduce his sentence and notes that even a sentence at the top of the new range would likely result in his immediate release from custody. The Government states that a reduction to the bottom of the reduced range is appropriate. After careful consideration of the record in this case and the § 3553(a) factors, and consistent with the Court's practice in other FSA cases, the Court concludes that Defendant's sentence should not be reduced below time served and that this reduction should be stayed for ten days to allow the BOP time to transition him in an orderly manner. *See, e.g.*, *United States v. Clarke*, No. 3:04-cr-00069-001, 2019 WL 1140239, at *3 (W.D. Va. Mar. 12, 2019) (declining to reduce the defendant's sentence below time served and staying the effective date of

the order); *United States v. Laguerre*, No. 5:02-cr-30098-3, 2019 WL 861417, at \*3–4 (W.D. Va. Feb. 22, 2019) (declining to reduce the defendant's sentence below time served).[2]

Pursuant to the FSA, for the reasons set forth in the motion and SRR, and in light of the Government's consent, Defendant's motion, ECF No. 95, is **GRANTED**. Defendant is now sentenced to a term of 168 months or time served, whichever is greater, followed by 3 years supervised release. An amended judgment will follow. This order is not effective until the tenth day following its issuance.

**IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

ORDER DATE:  June 17, 2019
EFFECTIVE DATE:  June 27, 2019
Columbia, South Carolina

---

[2] The Court notes that it appears that Defendant has already served approximately 174 months of actual incarceration (and may have accrued additional good time credit, depending on his conduct while incarcerated). *See* PSR ¶ 4 (noting that he has been in custody since his arrest on December 15, 2004). However, for the reasons set forth in *Clarke* and *Laguerre*, the Court concludes that a sentence below time served is not appropriate in this case.

Pursuant to *United States v. Ketter*, 908 F.3d 61 (4th Cir. 2018), to the extent that a sentence of time served constitutes an upward variance, having carefully considered the record in this case and the § 3553(a) factors, the Court concludes that such a variance is warranted. *See, e.g.*, *Laguerre*, 2019 WL 861417, at \*3–4 ("In particular, the need to protect the public and the need for deterrence dictates that a defendant not be allowed to 'bank time,' which could allow him to commit further crimes without the fear of imprisonment. . . . The court also considers the need to avoid unwarranted sentencing disparities and the fact that other courts granting reductions under the First Step Act have reduced to sentences of time served, even where a defendant had served more than the applicable guideline range.").